IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ELDERCARE PROPERTIES, LTD. | § | CASE NO: 05-71283 |
|    Debtor(s) | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION AND ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AND EMERGENCY MOTION TO DETERMINE SCOPE OF TRIAL ON THE DEBTOR'S AMENDED MOTION TO ASSUME EXECUTORY CONTRACT

On this day came on for consideration the Motion for Relief from Automatic Stay filed by Valley Educational Foundation, Inc. ("VFE") and the Emergency Motion to Determine Scope of Trial on the Debtor's Amended Motion to Assume Executory Contract filed by the debtor, ElderCare Properties, Inc.(the "Debtor"). The Court, having heard the evidence and arguments of counsel, finds a follows:

### BACKGROUND

On April 1, 2003, Debtor leased a nursing facility in Weslaco, Texas from VEF (the "Lease"). On June 10, 2005, VEF sent a notice of termination of the lease. VEF then instituted an action for forcible entry and detainer to remove the Debtor from the property. The Justice of the Peace, Precinct 1, Place 1 of Hidalgo County, Texas conducted a jury trial and issued a judgment of possession in favor of VEF. Debtor perfected its appeal of the Justice Curt on August 15, 2005, and the matter was docketed in the County Court of Hidalgo County, Texas, for trial *de novo* .

Debtor filed its Chapter 11 case on October 14, 2005, as a Small Business Chapter 11. Debtor filed its Motion to Assume the VEF Lease on October 18, 2005. VEF responded and

objected to this Court's jurisdiction. VEF filed a proof of claim in this case based on debts due for, and arising from: (i) leasehold improvements (a promissory note balance due); (ii) attorneys fees it claims for alleged breach of the Lease by the Debtor ; and (iii) other Lease claims. Debtor filed its Amended Motion to Assume/Reject Non-Residential Real Property Lease and Objection to Proof of Claim and Request for Declaratory Relief and for Order Providing for any Cure Obligations, Damages or Rights of Offset and Credits and to Establish Adequate Assurances of Future Performance and Debtor's Reply to the Response of VEF to the Original Motion on December 7, 2005.  VEF seeks relief from the automatic stay to proceed against  Debtor in County Court at Law on the forcible entry and detainer action.

## DISCUSSION

The matters before the court are Core matters pursuant to 28 U.S.C. §157(b). Specifically, core matters include (1) "matters concerning the administration of the estate", 28 U.S.C. §157(b)(2)(A); (2) "allowance or disallowance of claims against the estate", 28 U.S.C. §157(b)(2)(B); (3) "counter claims by the estate against persons filing claims against the estate", 28 U.S.C. §157(b)(2)(C); and (4) "orders approving the use or lease of property" 28 U.S.C. §157(b)(2)(O).

"[B]y filing a claim against the bankruptcy estate VEF triggered the process of 'allowance and disallowance of clams,' thereby subjecting [itself] to the bankruptcy court's equitable power." *Langenkamp v. Culp* , 498 U.S. 42, 44 (1990). As a result, this Court may enter a final judgment in this core proceeding. *In re Heritage Southwest Medical Group, P.A.* , 309 B.R. 916 (Bankr. N.D.Tex. 2004).

Assumption of an executory contract is likewise a core matter pursuant the 11 U.S.C. 157(b)9(2)(A) and (O). Disputes over the enforcement, terms and provisions, or the

characterization of a lease do not impact the core nature of an assumption motion. *In re PSINet, Inc.*, 271 B.R. 1, 9-39 (Bankr.S.D.N.Y. 2001). Moreover, the "question of whether the lease terminated pre-petition and whether the Trustee [or here, the debtor in possession] is entitled to relief from forfeiture is a 'core' determination." *In re Windmill Farms Management Co.*, 116 B.R. 755, 767 (Bankr. S.D.Cal. 1990).

VEF's primary objection to jurisdiction is based on the *Rooker-Feldman* doctrine. The issue of possession under the Lease is pending in County Court at Law for a trial *de novo*. Issues of lease termination, the ability to cure and assume, and breach of contract are pending in this court. VEF contends that *Rooker-Feldman* deprives this court of subject matter jurisdiction. *Rooker-Feldman* involves "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceeding commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corp.,* 125 S.Ct. 1517, 1522 (2005). The Court finds that *Rooker-Feldman* does not apply in this case.

First, the case pending in County Court at Law is a trial *de novo* and there is no final judgment in State Court. Upon Debtor's perfection of its appeal of the justice court judgment, the parties must proceed in the County Court as though a judgment had not been rendered. *Cortez v. State Board of Morticians*, 306 S.W.2d 243, 244 (Tex.Civ.App. -- San Antonio, 1957)["It is well settled that upon the perfection of an appeal from the justice court the judgment of that court is vacated and the parties must proceed as though it had not been rendered. 26 Tex.Jur. 887 §89, and authorities cited." *Id*.]. Moreover, nothing in *Rooker-Feldman* prevents removal of a pending State Court appeal to Federal Court if other grounds for removal exist. Rooker-Feldman only applies to final, non-appealable State Court judgments. *Exxon Mobil, supra*. "When there is

parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of a judgment in state court." *Exxon Mobil, supra* at 1521.

The Supreme Court in *Exxon Mobil* went on to point out that it "has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* As discussed above, issues of lease assumption and claims litigation are clearly within this court's core jurisdiction. The fact that there is a case pending in State Court regarding similar issues might trigger abstention consideration, but it does not deprive this court of subject matter jurisdiction over core matters. For this reason, the court finds that it has subject matter jurisdiction over the Amended Motion to Assume. The Court further finds that because it can deal with the issues in a more comprehensive fashion and avoid duplication of efforts, VEF's Motion for Relief from the Automatic Stay to allow it to proceed in State Court should be denied.

It is therefore ORDERED that the Motion for Relief from Stay filed by VEF is hereby DENIED.

It is further ORDERED that the Motion to Determine Scope of Trial on Debtor's Amended Motion to Assume Executory Contract is hereby GRANTED IN PART to the extent that the Court finds that it has subject matter jurisdiction over the issues presented.

SIGNED 01/13/2006.

*[signature]*

RICHARD S SCHMIDT
United States Bankruptcy Judge