IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ELDERCARE PROPERTIES, LTD. | § | CASE NO: 05-71283 |
| Debtor(s) | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO COMPEL DEBTOR TO VACATE PREMISES IN AN ORDERLY FASHION BECAUSE ITS LEASE HAS EXPIRED

On this day came on for consideration the Motion to Compel Debtor to Vacate Premises in an Orderly Fashion Because its Lease Has Expired, filed by Valley Educational Foundation, Inc., ("VEF"). The Court, having heard the evidence and arguments of counsel, finds that the Motion should be denied.

### BACKGROUND

VEF is a Texas non-profit corporation that owns real property, fixtures and equipment located at 1212 South Bridge in Weslaco, Texas (the "Property"), at which a nursing home facility known as Valley Grande Manor ("VGM") is operated. The Debtor, Eldercare Properties, Ltd. ("Eldercare") leases the Property from VEF and is the operator of VGM.

VEF and Eldercare entered in to a lease of the Property on December 23, 1995 (the "Lease"). Eldercare filed its chapter 11 bankruptcy petition on October 14, 2005. This Court allowed Eldercare to assume the Lease by Order entered November 14, 2006. VEF appealed that Order and the appeal is pending before the United States District Court.

The Lease provides that it will last for a term of ten (10) years, ending on December 31, 2006. The Lease further provides Eldercare an option to extend the Lease an additional five (5) years. To extend the Lease, Eldercare agreed to give VEF notice of intention to exercise the option "not later than 30 days prior to the expiration" of the Lease. (Lease at §1.02). Notice was

to be sent by certified or registered mail to VEF "at the address provided in Article 14.02 of [the] Lease." (Lease at §1.02). Article 14.02 of the Lease does not contain an address for VEF. Eldercare did not provide written notice via certified or registered mail to VEF.

In ruling that the Lease did not terminate pre-petition and was assumable, this Court ordered the Debtor and VEF to enter into binding mediation for insurance rates and to renegotiate the Lease rate. Negotiations between the Debtor and VEF regarding the terms and conditions of mediation, discovery disputes, and related procedures continued past the December 1, 2006, deadline for written notice of option exercise. VEF insisted on terms, provisions, and procedures for mediation and rent renegotiation without ever mentioning that VEF considered the Lease terminated because the Debtor failed to mail written notice. VEF entered into an agreement to mediate the insurance issue on December 19, 2006, to take place on February 21, 2007.  Neither VEF's communications, agreements, court pleadings, nor representations to the Court, indicated that VEF considered the Lease terminated or that it did not believe the Debtor intended to exercise its option to renew the Lease. Although it was not sent written notification via certified or registered mail, VEF was notified on many occasions of the Debtors intent to exercise its option to extend the Lease, including Glen Hamel's statement under oath at the Justice of the Peace Court proceeding, the disclosure statement filed by the Debtor, and in other pleadings on file in this case.

## DISCUSSION

Under Texas law equity will relieve a lessee when the delay in fulfilling a condition precedent in a lease has been slight, the loss to the lessor small, and the failure to grant the relief to the lessee would resulting such hardship as to make it unconscionable to enforce literally the condition precedent of the lease. *Jones v. Gibbs*, 130 S.W.2d 265, 272 (Tex. 1939); *Sirtex Oil*

*Industries, Inc. v. Erigan*, 403 S.W.2d 784, 788 (Tex. 1966): *Inn of the Hills, Ltd. v. Shulgen & Kaiser*, 723 S.W.2d 299, 301 (Tex. App.- -San Antonio 1987, writ ref'd. n.r.e.). Here, the Debtor gave written notice immediately (one day) after discovering the oversight and the delay was only 33 days after the deadline. VEF's loss is small, considering it was actively negotiating terms of the Lease, pursuing its appeal of the Court's prior order allowing assumption of the Lease, and behaving in every aspect as if it knew that the Debtor intended to exercise the extension.

Failure to extend the Lease under these facts creates such a hardship to the Debtor that it is unconscionable to enforce the term literally. Failure to grant the relief requested by the Debtor would result in the loss of the Lease which is the only basis that the Debtor can continue as a viable business. The entire chapter 11 case and the litigation to preserve the Lease for the Debtor's reorganization involved and required preservation of the Lease option period. Moreover, the Debtor invested over $300,000 in fees and costs alone in proving that VEF did not terminate the Lease pre-petition, for the sole purpose of assuming the Lease and reorganizing the business which necessarily depended on the option being exercised and the Lease extended.

VEF on the other hand, failed to demonstrate that it will be harmed by allowing equity to intervene in this case and extend the lease. At best the Court assumes that VEF asserted its termination argument only after it realized there was no written notice sent to it. At worst, VEF laid behind the log in this case, continuing to negotiate with the Debtor regarding Lease terms and appearing in Court, all the while not pointing out that the Lease was terminated under its theory.

The Court would note the old adage "what's sauce for the goose is sauce for the gander." VEF seeks strict enforcement of the Lease. Yet the notice provision of the Lease is incapable of performance because it requires notice to be sent to an address not found in the cited paragraph.

The Lease is at best ambiguous on the notice requirement and cannot be specifically enforced "as written". VEF argues that this was a typographical error and all parties understood that the option required written notice to exercise. However, the Debtor's failure to provide written notice was an equally innocent clerical error and all parties understood that the Debtor intended to exercise the renewal option.

Finally, until assumption of a lease under section 365 of the Bankruptcy Code, all defaults may be cured to accomplish the assumption. Prior to assumption, the automatic stay prohibits self-help. Here, the Debtor immediately cured the lack of written notice before the stay was lifted to permit termination of the Lease. The Court previously ruled that the Lease did not terminate pre-petition and was assumable.

## CONCLUSION

For the reasons stated herein, the Court finds that the Motion to Compel Debtor to Vacate Premises in an Orderly Fashion Because its Lease has Expired should be denied because equity mandates relief from strict compliance of the Lease term.

It is therefore ORDERED that the Motion to Compel Debtor to Vacate Premises in an Orderly Fashion Because its Lease has Expired is hereby DENIED.

SIGNED 04/23/2007.

RICHARD S SCHMIDT
United States Bankruptcy Judge